```
 1  KAREN P. HEWITT
    United States Attorney
 2  STEVEN DE SALVO
    Assistant United States Attorney
 3  California State Bar No. 199904
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-7032
    Facsimile: (619) 235-7837
 6
    Attorneys for Plaintiff
 7  United States of America
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR2413-LAB |
|---|---|---|
| Plaintiff, | ) | **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY** |
| v. | ) | |
| JAVIER GARCIA-ROSALES, | ) | Date:       August 18, 2008 |
|  | ) | Time:       2:30 p.m. |
| Defendant. | ) | Honorable:  Larry A. Burns |
|  | ) | Courtroom:  9 |

//

//

COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's Motion for discovery. This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

I

## UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS

### A.     DEFENDANT HAS BEEN PROVIDED WITH ALL DISCOVERY

Defendant has moved to compel discovery. The United States has provided all written discovery to Defendant. The United States also has provided all video recorded statements by Defendant. As to the specific discovery and evidentiary requests of Defendant, the Government responds as follows:

      1.     The Government Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure

The government has disclosed Defendant's statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (defendant's relevant written or recorded statements, written records containing substance of defendant's oral statements *in response to government interrogation*, and defendant's grand jury testimony).

      2.     The Government Will Comply With Rule 16(a)(1)(D)

The defendant has been provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding defendant's criminal record. Any subsequent or prior similar acts of defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at the reasonable time in advance of trial.

      2.     The Government Will Comply With Rule 16(a)(1)(E)

The government will permit defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to defendant.

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days, and vehicles are routinely and periodically sold at auction. Records of radio transmissions, if they existed, are frequently kept for only a short period of time and may no longer be available. Counsel should contact the Assistant assigned to the case two weeks before the scheduled trial date and the Assistant will make arrangements with the case agent for counsel to view all evidence within the government's possession..

4. <u>The Government Will Comply With Rule 16(a)(1)(F)</u>

The government will permit defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are within the possession of the government, and by the exercise of due diligence may become known to the attorney for the government and are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial. Counsel for defendant should contact the Assistant United States Attorney assigned to the case and the Assistant will make arrangements with the case agent for counsel to view all evidence within the government's possession.

3. The Government Will Comply With Its Obligations Under <u>Brady v. Maryland</u>

The government is well aware of and will fully perform its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>United States v. Agurs</u>, 427 U.S. 97 (1976) to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist that is, or may be, favorable to the accused, or that pertains to the credibility of the government's case. As stated in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

611 F.2d at 774-775 (citations omitted). <u>See</u> also <u>United States v. Sukumolachan</u>, 610 F.2d 685, 687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not exist); <u>United States v. Flores</u>, 540 F.2d 432, 438 (9th Cir. 1976) (<u>Brady</u> does not create any pretrial privileges not contained in the Federal Rules of Criminal Procedure).

1       4.     Discovery Regarding Government Witnesses

      Agreements. The Government will disclose the terms of any agreements by Government agents, employees or attorneys with witnesses that testify at trial. Such information will be provided at the time of the filing of the Government's trial memorandum.[1/] The Government will comply with its obligations to disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972).

      Bias or Prejudice. The Government will provide information related to the bias, prejudice or other motivation to lie of Government trial witnesses as required in Napue v. Illinois, 360 U.S. 264 (1959).

      Criminal Convictions. The Government has produced or will produce any criminal convictions of Government witnesses plus any material criminal acts which did not result in conviction. The Government is not aware that any prospective witness is under criminal investigation.

      Ability to Perceive. The government will produce in discovery any evidence that the ability of a government trial witness to perceive, communicate or tell the truth is impaired or that such witnesses have ever used narcotics or other controlled substances, or are alcoholics.

      Witness List. The Government will endeavor to provide the defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such a list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses. See United States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974). The defendant has already received access to the names of potential witnesses in this case in the investigative reports previously provided to him.

      Witnesses Not to Be Called. The Government is not required to disclose all evidence it has or to make an accounting to the defendant of the investigative work it has performed. Moore v. Illinois,

---

[1/] As with all other offers by the Government to produce discovery earlier than it is required to do, the offer is made without prejudice. If, as trial approaches, the Government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the Government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

1  408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

2  Accordingly, the Government objects to defendant's request for discovery concerning any individuals

3  whom the Government does not intend to call as witnesses.

4         Favorable Statements.  The Government has disclosed or will disclose the names of witnesses,

5  if any, who have made favorable statements concerning the defendant which meet the requirements of

6  Brady.

7         Review of Personnel Files.  The Government has requested a review of the personnel files of all

8  federal law enforcement individuals who will be called as witnesses in this case for Brady material.  The

9  Government has requested that counsel for the appropriate federal law enforcement agency conduct such

10 review.  United States v. Herring, 83 F.3d 1120 (9th Cir. 1996); see, also, United States v. Jennings, 960

11 F.2d 1488, 1492 (9th Cir. 1992); United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

12        Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and United States v. Cadet,

13 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable to the defense

14 that meets the appropriate standard of materiality . . ." United States v. Cadet, 727 F.2d at 1467, 1468.

15 Further, if counsel for the United States is uncertain about the materiality of the information within its

16 possession in such personnel files, the information will be submitted to the Court for in camera

17 inspection and review.

18        Government Witness Statements.  Production of witness statements is governed by the Jencks

19 Act (Title 18, United States Code, Section 3500) and need occur only after the witness testifies on direct

20 examination. United States v. Taylor , 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills,

21 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material believed to be exculpatory and therefore

22 subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks

23 Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United

24 States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

25       The government reserves the right to withhold the statements of any particular witnesses it deems

26 necessary until after the witness testifies.  Otherwise, the government will disclose the statements of

27 witnesses at the time of the filing of the government's trial memorandum before trial, provided that

28 defense counsel has complied with defendant's obligations under Federal Rules of Criminal Procedure

12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse Jencks" statements at that time.

    5.  The Government Objects To The Full Production Of Agents' Handwritten Notes At This Time

Although the government has no objection to the preservation of agents' handwritten notes, it objects to requests for full production for immediate examination and inspection. If certain rough notes become relevant during any evidentiary proceeding, those notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932, 936-938 (9th Cir. 1981).

    6.  All Investigatory Notes and Arrest Reports

The government objects to the defendant's request for production of all arrest reports, investigator's notes, memos from arresting officers, and prosecution reports pertaining to the defendant. Such reports, except to the extent that they include Brady material or the statements of defendant, are protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in connection with the investigation or prosecution of the case."

Although agents' reports have already been produced to the defense, the government is not required to produce such reports, except to the extent they contain Brady or other such material. Furthermore, the government is not required to disclose all evidence it has or to render an accounting to defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see  United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

    7.  Expert Witnesses.

Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial memorandum, the Government will provide the defense with notice of any expert witnesses the testimony of whom the Government intends to use under Rules 702, 703, or 705 of the Fed. R. of Evidence in its case-in-chief. Such notice will describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Reciprocally, the Government requests that the defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

1   8.   <u>Information Which May Result in Lower Sentence</u>.

Defendant claims that the Government must disclose information about any cooperation or any attempted cooperation with the Government as well as any other information affecting defendant's sentencing guidelines because such information is discoverable under <u>Brady v. Maryland</u>. The Government respectfully contends that it has no such disclosure obligations under <u>Brady</u>.

The Government is not obliged under <u>Brady</u> to furnish a defendant with information which he already knows. <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), <u>cert. denied</u>, 479 U.S. 1094 (1987); <u>United States v. Prior</u>, 546 F.2d 1254, 1259 (5th Cir. 1977). <u>Brady</u> is a rule of disclosure. There can be no violation of <u>Brady</u> if the evidence is already known to the defendant. Assuming that defendant did not already possess the information about factors which might affect their respective guideline ranges, the Government would not be required to provide information bearing on defendant's mitigation of punishment until after defendant's conviction or plea of guilty and prior to his sentencing date. "No [<u>Brady</u>] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains of value." <u>United States v. Juvenile Male</u>, 864 F.2d 641 (9th Cir. 1988).

## IV

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that this Court deny Defendant's motions except where unopposed.

DATED:  August 17, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/  Steven De Salvo

STEVEN DE SALVO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>JAVIER GARCIA-ROSALES,<br><br>              Defendant. | )   Criminal Case No. 08CR2413-LAB<br>)<br>)<br>)   CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>) |

IT IS HEREBY CERTIFIED THAT:

    I, STEVEN DE SALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of the GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    **Michael J. Messina**

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on August 17, 2008.

                                                                    s/ Steven De Salvo
                                                                    STEVEN DE SALVO